# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:09-cv-00115-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Vacate–#86) |
| CURTIS CARAWAY, | |
| Defendant. | |

Before the Court is Defendant Curtis Caraway's **Motion to Vacate under 28 U.S.C. § 2255** (#86, filed Dec. 19, 2011). The Court has also considered Plaintiff the United States of America's Opposition (#91, filed Mar. 2, 2012). Caraway did not file a Reply.

**BACKGROUND**

In September 2009, Caraway was convicted of one count of being a felon in possession of a firearm (count one), one count of attempted interference with commerce by robbery (count two), and one count of possession of a firearm during a crime of violence (count three). On February 2, 2010, the Court imposed a concurrent sentence of 88 months of imprisonment for counts one and two, and a consecutive sentence of 84 months of imprisonment for count three. During sentencing, the Court applied a two-level enhancement under the United

States Sentencing Guidelines ("U.S.S.G.") § 3C1.2, for reckless endangerment during flight, and a six-level enhancement under U.S.S.G. § 3A1.2(c)(1), for the same conduct.

Caraway then appealed his sentence, which the Ninth Circuit Court of Appeals vacated and remanded for resentencing without the two-level enhancement. (Dkt. #80, Memorandum). On December 17, 2010, the Court resentenced Caraway as ordered by the Ninth Circuit, removing the two-level enhancement. Caraway did not appeal this new sentence and he is currently in federal custody in Oakdale, Louisiana. He has now filed this motion to vacate his new sentence under 28 U.S.C. § 2255. For the reasons discussed below, the Court denies Caraway's motion.

**DISCUSSION**

A prisoner in federal custody may challenge a sentence by moving the court which imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). However, a § 2255 motion generally will not be allowed to substitute for an appeal. *Reed v. Farley*, 512 U.S. 339, 354 (1994). In this case, Caraway argues that the rule of lenity required the Court to remove the six-level enhancement, not the two-level enhancement, when Caraway was resentenced. "The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *United States v. Santos*, 553 U.S. 507, 514 (2008). The rule "applies not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose," *Bifulco v. United States*, 447 U.S. 381, 387 (1980), and to ambiguity in matters of sentencing, *Bell v. United States*, 349 U.S. 81, 84 (1955).

However, no ambiguity existed with respect to Caraway's new sentence at the time this Court imposed it. When the Ninth Circuit remanded this case for resentencing it specifically instructed the Court to recalculate Caraway's offense level without the *two-level* enhancement. (Dkt. #80, Memorandum). Therefore, there was no ambiguity as to which enhancement was to be removed and the Court resentenced Caraway as instructed by the Ninth Circuit. In addition, Caraway is challenging his new sentence via this § 2255 motion even though he failed to appeal

AO 72
(Rev. 8/82)

his new sentence, and § 2255 motions are generally not allowed to substitute for an appeal. *Farley*, 512 U.S. at 354. Furthermore, when Caraway appealed his original sentence he could have raised this issue to the Ninth Circuit but did not do so. Therefore, it is improper for Caraway to raise this rule of lenity argument in this motion. Accordingly, for the reasons discussed above, the Court denies Caraway's motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Caraway's Motion to Vacate (#86) is DENIED.

Dated: April 2, 2012

_____
**ROGER L. HUNT**
**United States District Judge**